### In re EUREKA SOUTHERN RAILROAD CO., INC., Debtor.

### Bankruptcy No. 1–86–01976.

United States Bankruptcy Court,
N.D. California.

Feb. 6, 1995.

Philip M. Arnot, Eureka, CA, for Trustee.

**324**

James T. Quinn, San Francisco, CA, for Public Utilities Com'n.

Frederick D. Holden, Jr., San Francisco, CA, for claimant Southern Pacific Transp. Co.

## MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

This case was commenced in 1986 under Subchapter IV of Chapter 11 of the Bankruptcy Code as a railroad reorganization case. At that time, the debtor operated a railroad in Northern California. Pursuant to the procedure set forth in section 1163 of the Code, Jerry E. Gregg was appointed trustee.

In 1991, Gregg's plan of reorganization was confirmed. The plan called for sale of the railroad line, and that sale was completed three years ago. However, the plan also provided for a 100% dividend to creditors. The trustee admits that he is unable to consummate the plan, having returned a dividend of only about 75%. Grounds for conversion to Chapter 7 pursuant to section 1112(b)(2) are accordingly admitted, and the largest unsecured creditor, Southern Pacific Transportation Co., has requested conversion of the case to Chapter 7. The only issue before the court is whether a railroad reorganization case can be converted to Chapter 7.

Section 1161 of the Code provides that certain other sections of Chapter 11 are not applicable to railroad reorganization cases; section 1112 is not among them. However, section 1112(f) of the Code provides that a case may not be converted to another Chapter unless the debtor may be a debtor under such Chapter. Section 109(b)(1) provides that a railroad may not be a Chapter 7 debtor. It is therefore clear that this case may be converted to Chapter 7 only if the debtor is not still a railroad and if eligibility is not determined solely as of the petition date.

The definition of "railroad" is set forth in section 101(44) of the Code. That section provides that a railroad is a common carrier by railroad engaged in the transportation of individuals or property or owner of trackage facilities. This debtor was clearly a railroad when it filed its petition, but is not a railroad any longer since it sold the entire railroad in 1992. The sale was for cash, so there is no possibility that the railroad line will revert back to the debtor.

Only one of the subsections of section 109, section 109(e), specifies that eligibility is to be determined as of the petition date. The other subsections, including 109(b), speak only in the present tense. Since the debtor is not now a railroad, and since section 109(b) does not specify the petition date as the date for determining eligibility, and since section 1112 applies to railroad reorganization cases, the court concludes that this case can be converted to Chapter 7.

The court is mindful that most courts determine eligibility as of the date of the petition. See, e.g., *In re Quintana*, 915 F.2d 513, 515 n. 2 (9th Cir.1990). However, the basis for their decisions is either application of section 109(e), which mandates measuring eligibility for Chapter 13 as of the petition date, or an application of the holdings in Chapter 13 cases to other situations without close analysis. There is no statutory reason why eligibility for Chapter 7 must be determined as of the petition date alone.

An orderly liquidation of the remaining nonrailroad assets and claims is needed in order to conclude this case. It is far better for all parties if this is done by a new trustee not tainted with a failed plan of reorganization. No special railroad expertise is required at this point, nor is the public interest in an operating railroad at stake. Chapter 7 is clearly the best vehicle for resolving all remaining issues. Only a clear statutory prohibition would dissuade the court from converting the case, and that prohibition does not exist.

The motion of Southern Pacific Transportation Co. will accordingly be granted. Counsel for Southern Pacific shall submit an appropriate form of order forthwith.